No. 93–1338. J. ALEXANDER SECURITIES, INC. *v.* MENDEZ. Ct. App. Cal., 2d App. Dist. Certiorari denied.

JUSTICE O'CONNOR, with whom THE CHIEF JUSTICE joins, dissenting.

Petitioner is a Los Angeles brokerage firm. When respondent opened an account there, she executed an agreement providing for arbitration of all disputes. See 17 Cal. App. 4th 1083, 1087, n. 2, 21 Cal. Rptr. 2d 826, 828, n. 2 (1993). The contract also provided that "'[t]his agreement and its enforcement shall be governed by the laws of the State of New York.'" *Id.,* at 1087, 21 Cal. Rptr. 2d, at 827. In 1991, respondent alleged that petitioner and one of its employees had engaged in various deceptive practices, resulting in financial losses to respondent. The parties submitted the dispute to a panel of three arbitrators convened in accordance with the rules of the National Association of Securities Dealers (NASD). The panel awarded respondent $27,000 in compensatory damages and $27,000 in punitive damages for petitioner's failure to adequately supervise the employee. *Id.,* at 1087–1088, 21 Cal. Rptr. 2d, at 828.

Petitioner sought to have the punitive damages portion of the award set aside, arguing that New York law prohibits arbitrators from awarding punitive damages. See *Garrity* v. *Lyle Stuart, Inc.,* 40 N. Y. 2d 354, 353 N. E. 2d 793 (1976). The trial court declined to correct the award. Relying on the Federal Arbitration Act, 9 U. S. C. § 2 *et seq.* (1988 ed. and Supp. IV), the California Court of Appeal affirmed. The court concluded that "[t]he choice of law provision [in the contract] merely designates the substantive law that the arbitrators must apply in determining whether the conduct of the parties warrants an award of punitive damages; it does not deprive the arbitrators of their authority to award punitive damages." 17 Cal. App. 4th, at 1091, 21 Cal. Rptr. 2d, at 830.

The decision below is in accord with several federal decisions holding that the Arbitration Act pre-empts state law prohibitions on arbitral punitive damages awards. See, *e. g., Todd Shipyards Corp.* v. *Cunard Line, Ltd.,* 943 F. 2d 1056 (CA9 1991); *Bonar* v. *Dean Witter Reynolds, Inc.,* 835 F. 2d 1378 (CA11 1988). But the Court of Appeal expressly "decline[d] to follow two Second Circuit cases, which held . . . that state law relating to the propri-

ety of a punitive damages award by an arbitrator is not pre-empted by federal substantive law, and thus vacated the punitive damage[s] award." 17 Cal. App. 4th, at 1091, n. 7, 21 Cal. Rptr. 2d, at 830, n. 7, citing *Barbier* v. *Shearson Lehman Hutton, Inc.*, 948 F. 2d 117 (CA2 1991), and *Fahnestock & Co.* v. *Waltman*, 935 F. 2d 512 (CA2 1991).

Moreover, the decision below irreconcilably conflicts with *Mastrobuono* v. *Shearson Lehman Hutton, Inc.*, 20 F. 3d 713 (CA7 1994). In *Mastrobuono*, the investor signed an agreement with the brokerage house containing an arbitration provision and a New York choice-of-law clause identical to those in the agreement in this case. The investor brought the same kinds of claims as respondent did—churning and unauthorized trading—and they were submitted to arbitration pursuant to NASD rules. The arbitration panel awarded punitive damages against the brokerage firm, but the Court of Appeals for the Seventh Circuit held that the award should be set aside. See 9 U. S. C. § 10(a)(4) (1988 ed., Supp. IV) (authorizing set-aside where "the arbitrators exceeded their powers"). The court acknowledged the strong federal policy favoring arbitration, but also noted that the policy "is simply to ensure the enforceability, *according to their terms*, of private agreements to arbitrate." *Volt Information Sciences, Inc.* v. *Board of Trustees of Leland Stanford Junior Univ.*, 489 U. S. 468, 476 (1989) (emphasis added). By incorporating New York law into the agreement, the court reasoned, the parties agreed to be bound by the New York prohibition on arbitrators' awarding punitive damages. The Seventh Circuit expressly "recognize[d] that some circuit courts have reached a different result." 20 F. 3d, at 718, citing *Bonar* v. *Dean Witter Reynolds, Inc., supra; Raytheon Co.* v. *Automated Business Systems, Inc.*, 882 F. 2d 6 (CA1 1989); *Todd Shipyards Corp.* v. *Cunard Line, Ltd., supra; Lee* v. *Chica*, 983 F. 2d 883 (CA8), cert. denied, 510 U. S. 906 (1993).

To this list of conflicting decisions may be added the decision below. The result is that courts in different jurisdictions reach contrary results with respect to the availability of punitive damages in cases involving similarly situated parties and identical arbitration agreements. The Federal Arbitration Act was passed, in part, to prevent this kind of disarray. Because most securities agreements contain arbitration provisions, and many are governed by New York law, the ability of arbitrators to award

punitive damages in these circumstances is an important and recurring question of federal law. The state and federal courts have divided as to how this question should be answered; I would therefore grant the petition for a writ of certiorari.